## APPEAL OF BURNSIDE STEEL CO.

Docket No. 3292.   Submitted June 18, 1925.   Decided November 12, 1925.

> The depreciated cost of a portion of a building demolished in order to make place for a larger and better addition to factory buildings is an allowable deduction from gross income under the Revenue Act of 1918. *Appeal of The First National Bank of Evanston, Wyo.*, 1 B. T. A. 9, followed.

*James W. Good, Esq.*, for the taxpayer.
*L. C. Mitchell, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

This is an appeal from the determination of a deficiency in income taxes for the years 1918 and 1919 in the amount of $16,391.81. Only so much of the tax is in controversy as arises from the disallowance by the Commissioner of a deduction representing the alleged unextinguished cost of a portion of a building demolished by the taxpayer in the year 1918.

### FINDINGS OF FACT.

The taxpayer is a corporation organized under the laws of the State of Illinois on September 27, 1916, with its principal office at Chicago, and it is, and has been since its organization, engaged in the manufacture of steel castings.

Shortly after the corporation was organized, it began the construction of a factory building, which was completed in March, 1917. An addition to the original building was made by the taxpayer during the period July to September, 1917. The business of the taxpayer increased rapidly and in the year 1918 it was found that the original building and the addition thereto were inadequate for the corporation's operations. Therefore, in July, 1918, a second addition or annex to the building was begun and it was completed in November, 1918. In order properly to make this addition, it was necessary to demolish a part of the original building and the addition thereto erected in 1917. The portion of the building so demolished had a depreciated cost at that time of $4,700.17.

The taxpayer in its income-tax return for the year 1918 claimed a deduction of the unextinguished cost of that portion of the building demolished in that year. This deduction was disallowed by the Commissioner.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on 10 days' notice, under Rule 50.

*OPINION.

TRUSSELL: The only question presented by the record in this appeal is whether the taxpayer, in computing its net income for the year 1918, is entitled to a deduction on account of the demoli-- tion of a part of its factory building in that year. It is conceded by the Commissioner that the depreciated cost of the demolished portion of the building was $4,700.17.

It is not necessary to enter into an extended discussion of this appeal. The facts presented by the record are similar to those presented in the *Appeal of The First National Bank of Evanston, Wyo.*, 1 B. T. A. 9, and the decision therein is controlling here. In that appeal the evidence established that the taxpayer, in making certain alterations of its banking building, tore out a wall, discarded floors, dropped window openings and installed new windows, discarded certain doors, changed the roof and ceiling, and took out the old entrance. The depreciated cost of the portion of the building so demolished was held by this Board to be a proper deduction from the taxpayer's gross income for the year in which the demolition occurred. The taxpayer in this appeal demolished a portion of its building in the year 1918, in order to make additions and alterations necessary for the operation of its business, and it is entitled to deduct from gross income for that year the depreciated cost of the part demolished. The deficiency for the year 1918 should be modified accordingly.